# EXHIBIT 1

NORFOLK, ss
SUPERIOR COURT

CIVIL ACTION NO. 2282cv00356

**ROBIN MCKEON**
    **Plaintiff,**

v.

**ROBERT REISER & CO., INC.**

and

**ROGER REISER,** individually and as an officer of the company,
    **Defendants**

## PLAINTIFF'S VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff Robin McKeon, by and through her attorneys, Halaby Law Group, P.C., alleges as follows:

## NATURE OF THE ACTION

This action involves claims of pay inequity and retaliation for opposing unlawful practices. Plaintiff has been performing the duties of Regional Manager since March 2019, but has been and continues to be compensated at a rate that is lower than similarly-situated males performing Regional Manager duties. Plaintiff has been deterred from applying for a Regional Manager position and has been denied training that is given to males in order to fulfill the duties of the position. Ms. McKeon complained to management about the unequal treatment and opportunity, but no investigation of pay disparities has been undertaken and no corrective action has been taken. Ms. McKeon has filed a complaint of discrimination with the Massachusetts Commission Against Disability. She has suffered retaliation, including but not limited to

1

changes to her schedule, being forced to use leave, removal of her access to information, and other negative action in the workplace.

Defendants' discriminatory and retaliatory actions violate the Massachusetts and U.S. Equal Pay Acts. Plaintiff is seeking to recover damages for the pay differential and other lost income due to the unlawful conduct, plus multiple damages, emotional distress damages, attorney fees and costs. Based on Defendants' actions in knowingly disregarding Plaintiff's complaints, attempting to cover up the pay disparity, and retaliating against Plaintiff, an award of punitive damages and liquidated damages is also appropriate as provided in these statutes.

## PARTIES

1. Plaintiff, Robin McKeon (hereinafter "Plaintiff"), is a resident of Coventry, Kent County, Rhode Island.

2. Defendant Robert Reiser & Co., Inc. (hereinafter "Defendant Company") is a corporation with headquarters at 725 Dedham St., in Canton, Norfolk County, Massachusetts.

3. Defendant Roger Reiser (hereinafter "Defendant Reiser") is the President and Chief Executive Officer of Robert Reiser & Co., Inc.

## JURISDICTION AND VENUE

4. The court has jurisdiction over the complaint pursuant to M.G.L. c. 212, §3.

5. Venue is proper in Norfolk County as the Defendants' principal place of business is in Norfolk County and the unlawful practices alleged in the complaint occurred in Norfolk County.

Doc ID: a263432b8b2ce6b308010f974a72a3329bc72008

## STATEMENT OF FACTS

6. Defendant Company is a national and international supplier of processing and packaging equipment solutions for the sausage, meat, poultry, seafood, prepared food, bakery, cheese and pet food industries.

7. One of Defendant Company's core values in its Vision Statement is, "We will encourage our fellow employees to reach their potential."

8. Plaintiff has worked for Defendant Company since December 2013 in the title of Sales Administrator.

9. Plaintiff's responsibilities are primarily for the U.S. west coast operations.

10. Prior to working at Robert Reiser & Co., Plaintiff worked as a Senior Teller at a bank, with supervisory responsibility over tellers. She also helped run a 300-seat family-owned restaurant, and performed management duties, including hiring and supervision of staff and accounting.

11. As a Sales Administrator, Plaintiff's general duties include but are not limited to: preparing documentation pertaining to sales quotes and ensuring that all necessary information is received from and provided to sales representatives in a timely manner; maintaining and tracking sales and financial documents; drafting, finalizing, and distributing white sheets for all staff; tracking sales by salesperson and by year; drafting purchase orders and communicating with vendors to check receipt of proper orders; and participating in all daily and weekly staff meetings.

12. Plaintiff trains new personnel in sales, including administrators and Regional Managers.

Doc ID: a263432b8b2ce6b308010f974a72a3329bc72008

13. Plaintiff has been involved with all aspects of development of the customer relationship management (CRM) system for several years, and has worked closely with the Information Technology Office to help create a document management system.

14. Plaintiff arranged the receptionist telephone schedule for 18-months through the Covid pandemic.

15. In her most recent performance evaluation in February 2019, Plaintiff received ratings of "Remarkable" and "Exceeds Expectation" in all but one category, for which she was rated as "Meets Expectations."

16. In March 2019, the West Coast Regional Manager, who was Plaintiff's direct supervisor, retired.

17. Following the West Coast Regional Manager's retirement, Plaintiff began performing much of the Regional Manager duties for the West Coast.

18. Another West Coast Regional Manager was not hired until July 2019, and Plaintiff continued to perform many of the duties after his hiring.

19. According to the Defendant Company's Regional Manager job description, among the main duties of the position are assisting salespeople by providing information needed to advance sales, providing coaching and training, helping build the relationship between salespeople and customers, and helping develop selling and pricing strategies.

20. Plaintiff is familiar with sales practices, strategies and goals, and the company's market.

21. Plaintiff performs Regional Manager duties by providing sales information and lead times from suppliers to the West Coast sales team, and drafting first quotes for West Coast sales.

Doc ID: a263432b8b2ce6b308010f974a72a3329bc72008

22. Plaintiff is familiar with pricing strategies and the price books, but she cannot give final approval on pricing because Defendants have refused formally to allow her the Regional Manager title. Plaintiff's quotes are almost always approved by the Regional/Assistant Managers.

23. Plaintiff performs Regional Manager duties by processing the documentation to get official quotes to the salespeople and, upon acceptance of a contract, providing contracts (as necessary) to confirm and invoice the order.

24. Plaintiff performs Regional Manager duties by tracking all pending orders and following up with the sales team to be sure no documents or technical information has been overlooked.

25. Plaintiff performs Regional Manager duties by engaging in direct communication with and support of the sales team. She regularly responds to calls from salespeople outside normal office hours.

26. Plaintiff helped develop selling strategy with a brochure she sent out to a sales territory, which resulted in a number of positive customer calls to the salesperson.

27. Plaintiff performs Regional Manager duties by having sample products delivered directly to the office.

28. Plaintiff performs Regional Manager duties by providing quotes and white sheets to all departments, and tracking published white sheets to get machines into the shop in a timely fashion and to get invoices to accounting for accurate sales reconciliation.

29. Plaintiff maintains a good working relationship with all other departments in order to keep track of timely shipment of and payment for machines.

Doc ID: a263432b8b2ce6b308010f974a72a3329bc72008

30. Plaintiff performs Regional Manager duties through direct communication with customers, including at the request of salespeople.

31. Plaintiff performs duties beyond the usual Sales Administrator role, including serving as the main point person to manage and track all quotes, orders, invoicing and billing for a major customer.

32. Plaintiff fulfills requirements of the Regional Manager position by maintaining proficiency with computer programs used in the office and with new programs as they are introduced.

33. Plaintiff has prepared reports detailing sales, top prospects, lost sales and progress of machine tests/trials for many years. She has made proposals to standardize office procedures across regions.

34. Plaintiff has traveled in connection with her job duties, including attending two manager-level meetings in 2019; one of which was a West Coast Strategic Workshop for managers.

35. In July 2019, Mario Serafin was hired as a Regional Manager for the West Coast, and became Plaintiff's direct supervisor.

36. Upon information and belief, Mr. Serafin's compensation package is more than three times as much as what Plaintiff earns.

37. In or about October 2019, Defendant Company posted a Regional Manager position.

38. Plaintiff expressed an interest in the position to the recruiter, but was told she was not qualified for the position because she did not have product and equipment knowledge.

39. On October 21, 2019, Plaintiff reached out to Defendant Roger Reiser by email to express interest in the Regional Manager position.

Doc ID: a263432b8b2ce6b308010f974a72a3329bc72008

40. Defendant Reiser responded that he was not aware of a Regional Manager posting, but said that the company was looking for a National Customer Manager. He further stated, "The job that you are doing taking care of the west coast has not gone unnoticed and Wayne B and I welcome the opportunity to sit down with you in the near future to discuss your thoughts and ideas."

41. Since then, Plaintiff has never been invited to meet with management to discuss her ideas, thoughts, or work she does for the west coast.

42. When Plaintiff received no further response regarding the enhanced duties she had been performing and her interest in a Regional Manager position, she sent a letter to Defendant Reiser in November 2019, setting forth her concerns that she had responsibilities that went well beyond those of a Sales Administrator and were comparable to a Regional Manager. (See 11/12/19 letter attached as Exhibit A).

43. In her letter to Defendant Reiser, Plaintiff expressed her understanding that Mr. Serafin had recently been hired as a Regional Manager with a significantly higher compensation package.

44. Plaintiff expressed concern that she was the only female performing Regional Manager duties and was paid significantly less than all the male Regional Managers.

45. Plaintiff reminded Defendant Reiser that she had applied for a posted Regional Manager position, and was told she was not qualified due to a lack of product/equipment knowledge, but that male Regional Managers had been hired without product knowledge and were provided training after hire.

46. Upon hiring, Regional Manager Serafin had a year-long training program, learning the Reiser organization, its products and markets as well as its suppliers. He was required to attend all

7

sales classes, trainings, and onboarding and was told that he was required to learn office process and procedure through spending three days with each of the Regional Managers.

47. Plaintiff was already very familiar with the organization, markets and suppliers, but was not offered training on products or any of the other training given to the newly-hired Regional Managers.

48. When Plaintiff tried to apply for the posted Regional Manager position in 2019, she was simply told that she was not qualified.

49. Plaintiff provided training to Regional Manager Serafin. Defendant Reiser commented that he was the second Regional Manager Plaintiff had trained for the Company.

50. Plaintiff has continued to perform Regional Manager duties for the West Coast to this date.

51. Plaintiff had been told that "the West Coast would be screwed without you."

52. Plaintiff remains the only female performing Regional Manager duties, and continues to receive compensation well below that of the male Regional Managers.

53. Defendants never investigated Plaintiff's allegations of pay inequity or complaints about discrimination and disparate treatment based on sex.

54. In December 2021, with assistance of counsel, Plaintiff submitted another letter to the company, again raising issues of discrimination and unequal pay in regard to her continued performance of Regional Manager duties.

55. In February 2022, Plaintiff's supervisor, Regional Manager Serafin, changed the work schedule Plaintiff had maintained since 2015, without giving any reason. Mr. Serafin told Plaintiff she could no longer work a modified schedule and would have to use Family and

Doc ID: a263432b8b2ce6b308010f974a72a3329bc72008

Medical Leave Act (FMLA) time, regardless of whether she had completed her work and the expected work hours that day.

56. Mr. Serafin modified Plaintiff's access to his calendar, which she had been able fully to access since he started with the company in July 2019.

57. As a result of the discriminatory treatment and retaliation, Plaintiff has suffered financial losses, emotional and physical distress, and damage to her professional career.

<u>**COUNT I**</u>
<u>**MASSACHUSETTS EQUAL PAY ACT VIOLATION**</u>
<u>**M.G.L. c. 149, §105A**</u>
<u>**AGAINST ALL DEFENDANTS**</u>

58. The Plaintiff re-alleges and incorporates by reference the above allegations.

59. The Massachusetts Equal Pay Act (MEPA), M.G.L. c. 149, §105A provides that employees must be paid the same salary for "comparable work," which is defined as "work that requires similar skill, effort, and responsibility, and is performed under similar working conditions."

60. Defendant Company is an employer covered by MEPA.

61. Defendant Reiser is an employer covered by MEPA and has individual liability under MEPA based on his involvement in the supervision of and payment of wages to employees including Plaintiff, and the authority and control he possesses and exercises with respect to company operations and the conditions of Plaintiff's employment.

62. Plaintiff is an employee covered by MEPA.

63. Defendants violated MEPA by providing higher salaries and enhanced benefits to one or more male Regional Managers who performed comparable work to the work performed by the Plaintiff, and by failing to correct the pay disparity after being notified of same.

Doc ID: a263432b8b2ce6b308010f974a72a3329bc72008

64. Plaintiff's job duties share important common characteristics with the Regional Manager Position duties such that Plaintiff can be said to perform comparable work under MEPA.

65. Plaintiff's position and the positions held by one or more male Regional Managers at the company entail comparable skill, effort, responsibility and working conditions.

66. At no time relevant to this action did Defendants conduct a good faith self-evaluation of the company's compensation practices to ensure compliance with MEPA.

67. At no time did Defendants inform Plaintiff that they had evaluated the company's payment practices and determined that her compensation complied with MEPA.

68. Plaintiff suffered damages at each pay period when she was paid less than comparably situated males, and she continues to suffer damages as a result of the ongoing impact of the unequal pay.

69. Plaintiff is entitled to back pay, punitive damages, multiple damages and/or liquidated damages and other relief based on the bad faith and intentional nature of Defendants' conduct.

## COUNT II
## RETALIATION IN VIOLATION OF MASSCHUSETTS EQUAL PAY ACT
## M.G.L. c. 149, § 105A
## AGAINST ALL DEFENDANTS

70. Plaintiff re-alleges and incorporates by reference the above allegations.

71. MEPA, M.G.L. c. 149, §105A(c)(3) prohibits retaliation against an employee who exercises her rights under the law and/or opposes her employer's actions that violate the law.

72. Defendants retaliated against Plaintiff for raising issues of pay equity in regard to similarly-situated male employees by refusing to allow her to apply for a Regional

Doc ID: a263432b8b2ce6b308010f974a72a3329bc72008

Manager position, failing to provide her training that was provided to male employees, failing to investigate her complaints, denying promotional opportunities, changing her work schedule, forcing her to use leave, removing access to information, and taking other retaliatory actions against her in the workplace.

73. Plaintiff has suffered and will continue to suffer damages as a result of the retaliation for which the Defendants are individually and collectively liable.

## COUNT III
## FEDERAL EQUAL PAY ACT VIOLATION
## 29 U.S.C. §206(d)
## AGAINST ALL DEFENDANTS

74. The Plaintiff re-alleges and incorporates by reference the above allegations.

75. The federal Equal Pay Act of 1963 (EPA), 29 U.S.C. §206(d), which is part of the Fair Labor Standards Act of 1938 (FLSA), as amended, prohibits sex-based wage discrimination between men and women in the same establishment who perform jobs that require substantially equal skill, effort and responsibility under similar working conditions.

76. Plaintiff is an employee covered by the EPA.

77. Defendant Company is an employer covered by the EPA.

78. Defendant Reiser is an employer covered by the EPA and he has individual liability under the EPA based on his status as a company owner and officer and his involvement in the supervision of and payment of wages to employees including Plaintiff, and the authority and control he possesses and exercises with respect to company operations and the conditions of Plaintiff's employment.

79. Defendants violated the EPA by paying a higher salary and benefits to one or more male

11

Doc ID: a263432b8b2ce6b308010f974a72a3329bc72008

employees who performed similar work as the Plaintiff, and by failing to correct the pay disparity.

80. Plaintiff suffered damages at each pay period when she was paid less than comparably situated males, and continues to suffer damages as a result of the ongoing impact of the unequal pay.

81. Although proof of intent is not required to establish liability on this claim, Plaintiff is entitled to punitive damages and other relief because Defendants acted in bad faith and/or with willful intent to discriminate, and they failed to correct the violation after it was brought to their attention.

82. Due to the Defendants' willful intent, Plaintiff's claim extends back at least three years.

83. Plaintiff has suffered and will continue to suffer damages as a result of the unequal pay for which the Defendants are individually and collectively liable.

## COUNT IV
## RETALIATION IN VIOLATION OF FEDERAL EQUAL PAY ACT
## 29 U.S.C. §218c
## AGAINST ALL DEFENDANTS

84. Plaintiff re-alleges and incorporates by reference the above allegations.

85. The federal Equal Pay Act, 29 U.S.C. §218c prohibits an employer from retaliating against an employee who asserts her rights under the law.

86. The Defendants retaliated against the Plaintiff for raising issues of pay equity in regard to similarly-situated male employees by refusing to allow her to apply for a Regional Manager position, failing to provide her training that was provided to male employees, failing to investigate her complaints, denying promotional opportunities, changing her work schedule, forcing her to use leave, removing access to information, and taking other

12

Doc ID: a263432b8b2ce6b308010f974a72a3329bc72008

retaliatory action against her in the workplace.

87. Defendant Reiser has personal liability under the law based on his status as a company owner and officer, his conduct, and the authority he possesses and exercises in his position with the company.

88. Plaintiff has suffered and will continue to suffer damages as a result of the retaliation for which the Defendants are individually and collectively liable.

### **PRAYERS FOR RELIEF**

WHEREFORE, Robin McKeon respectfully requests that the Court:

A. Enter judgment against the Defendants on all counts in their individual and collective capacities;

B. Award damages sustained by Plaintiff as a result of Defendants' violations of M.G.L. c. 149, §105A and 29 U.S.C. § 206, including but not limited to unpaid wages, employment earnings and benefits, multiple damages and liquidated damages;

C. Award damages sustained by Plaintiff as a result of Defendants' retaliation against her;

D. Enter judgment against the Defendants for punitive damages for violation of the Plaintiff's rights;

E. Award interest as provided by law;

F. Award costs and disbursements of her suit, including, without limitation, reasonable attorney's fees.

G. Grant any other or further legal and equitable relief as the Court may deem just and proper.

Doc ID: a263432b8b2ce6b308010f974a72a3329bc72008

## **VERIFICATION**

I, Robin McKeon, verify that the above-stated facts are true and accurate to the best of my knowledge, information and belief.

*Robin McKeon*

Robin McKeon

Dated: 04 / 18 / 2022

14

Doc ID: a263432b8b2ce6b308010f974a72a3329bc72008

**<u>ROBIN MCKEON DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.</u>**

                Respectfully submitted,
                Plaintiff Robin McKeon,
                By her Attorneys,

                */s/ Jean Zeiler*
                Jean Zeiler, BBO #636187
                Julie A. Halaby, BBO #630124
                **Halaby Law Group, P.C.**
                14 Main Street
                Hingham, Massachusetts 02043
                Tel:   (781) 749-0909
                Fax:  (781) 749-0997
                Email: jeanzeiler@halabylegal.com
                          juliehalaby@halabylegal.com

Dated:  April 15, 2022

# EXHIBIT A

November 12, 2019

Dear Roger;

I am writing to express concern regarding my employment. By way of background, I have been employed with Reiser for almost (6) years. During my tenure I have held the title of Sales Administrator. However, my responsibilities have been significantly more than that of all the other Sales Administrators and most recently are comparable to that of a Regional Manager. Since Dave Andronico retired from the Regional Manager role in March of 2019, I have been performing most of his Regional Manager duties. Indeed, I was invited to attend the Summer Sales Meeting and most recently have been asked to attend a West Coast Strategic Workshop, both for managers.

Let me start by stating, I truly love my job and am appreciative to be provided growth opportunities and responsibilities. However, while my role has expanded and my responsibilities increased, my compensation has remained the same. This is concerning to me as I am the only female performing duties of a Regional Manager and my compensation is significantly less than that of other Regional Managers, all of whom are male. As you know, there is an active job posting for a Regional Manager position with the duties which I am currently performing at a much higher compensation package than what I am currently paid. I expressed my interest in the Regional Manager position but was told by the recruiter that I was not qualified because I did not have product/equipment knowledge. However, I am aware that both Marcos Filgueiras and Mario Serafin were hired without product knowledge and would be provided the necessary training and education. I also expressed my interest in this position to you and was told that there is no current opening. However, the posting remains active and I continue to perform the duties and responsibilities of the Regional Manager with significantly less pay than the men with title.

I am concerned that I am being paid at a much lower rate for work comparable to that of a Regional Manager. It is my expectation that you will take my unequal pay concerns seriously, investigate this matter and reconsider my title and compensation to ensure that I am provided the same training and compensation as the men who are hired to perform the same or similar duties with a higher title and compensation package.

Thank you for your consideration.

Sincerely,

*Robin McKeon*
Robin McKeon