UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-CV-10812-RWZ

ROBIN MCKEON

v.

ROBERT REISER & CO., INC. and
ROGER REISER, individually and as an officer of the company

MEMORANDUM & ORDER

September 20, 2023

ZOBEL, S.D.J.

I. **Introduction**

Plaintiff Robin Mckeon sued her employer, Defendant Robert Reiser & Co., Inc. (the "Company") and the Company's CEO and President, Roger Reiser, in the Massachusetts Superior Court, for pay inequity, sex and disability discrimination, violation of medical leave laws, and retaliation. Defendants removed the case to this court and promptly filed for partial dismissal of Plaintiff's claims (Docket # 24). At a hearing on the motion, Plaintiff agreed to voluntarily dismiss Counts II, IV, and VI against Mr. Reiser. Remaining are Mr. Reiser's motion to dismiss Counts I, III, and V, which is allowed; and the Company's motion to dismiss Counts VIII, X, and XIV, which is denied.

II. **Factual Background**

Plaintiff began working as a sales administrator for the Company in December 2013. Am. Comp. ¶ 11. Around October 2019, the Company posted an opening for a regional manager position, for which Plaintiff expressed interest. Id. at ¶¶ 40–41. She

had been taking on regional manager responsibilities after her direct supervisor, the west coast regional manager, retired in March 2019. Id. at ¶¶ 19–20. Initially, she expressed interest to the recruiter, who told her she was not qualified for the position. Id. at ¶ 41. She then emailed Mr. Reiser to inquire about the position. Id. at ¶ 42. He told Plaintiff that he was unaware of the job posting, and mentioned that the Company was looking for a national customer manager. Id. at ¶ 43. He also said he was aware of her work on the west coast and welcomed the opportunity to "sit down with [her] in the future to discuss [her] thoughts and ideas." Id.

No one followed up with Plaintiff about her interest in the regional manager position. Id. at ¶ 45. In November 2019, she sent a letter to Mr. Reiser asserting that she was performing duties "beyond [] all other Sales Administrators . . . [,] comparable to [those] of a Regional Manager." Am. Comp, Ex. A. She also noted that she was paid significantly less than regional managers and that she was the only female employee performing these duties without commensurate pay. Am. Comp. ¶¶ 46–47. In December 2021, Plaintiff, by letter, again reminded the Company of its discrimination and resultant unequal pay despite her performance of regional manager duties. Id. at ¶ 57.

In February 2022, she filed a discrimination complaint with the Massachusetts Commission Against Discrimination ("MCAD") and Equal Employment Opportunity Commission ("EEOC"). Id. at ¶ 58. Around the same time, she noticed (1) a change in her schedule and (2) modified access to her supervisor's calendar. Id. at ¶¶ 59–60. She then took leave from work to care for her mother from late February to early March 2022, pursuant to the Family Medical Leave Act ("FMLA"). Id. at ¶ 61. In March 2022, she was diagnosed with Generalized Anxiety Disorder and Agoraphobia. Id. at ¶ 64. Plaintiff

2

requested permission to work from home and perform in-office duties on the weekends, as accommodations of her disability, which the Company denied. Id. at ¶¶ 66–70. She thereupon took a medical leave of absence until her leave time was depleted on June 27, 2022. Id. at ¶ 73. The Company also denied other of Plaintiff's requests for accommodation, including a schedule adjustment, quiet work location, noise canceling headphones, and permission to bring her psychiatric support animal into the office. Id. at ¶¶ 70, 76, 84. She took time off from work, that included missing a scheduled workday, for which the Company's vice president of human resources threatened disciplinary action. Id. at ¶ 86.

In September 2022, the Company notified Plaintiff that her earned sick and vacation time were being counted toward her prior medical leave of absence. Id. at ¶ 94. As a result, her upcoming November 2022 vacation would not be honored because she had no further compensated time off. Id. She later discovered that the Company had incorrectly calculated her balance, and that she, in fact, had available compensated time off. Id. at ¶ 96. Plaintiff continues to work as a sales administrator for the Company, and has not received any accommodations for her disability. Id. at ¶ 97.

### III. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. For purposes of a motion to dismiss, the court accepts all well-pleaded

factual allegations as true and draws all reasonable inferences in Plaintiff's favor. See Rodríguez-Reyes, 711 F.3d at 52–53. Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

IV. Discussion

    a. Claims Against Roger Reiser

Mr. Reiser moves to dismiss the claims against him in his individual capacity because he is not an "employer," as defined by the Federal and Massachusetts Equal Pay Acts, and Massachusetts law. Plaintiff asserts that Mr. Reiser was involved in employment decisions and had authority as an employer, within the meaning of the law. Although she need not allege Mr. Reiser's control over specific aspects of her employment, Plaintiff must assert facts sufficient to demonstrate that he not only had authority over employment and financial decisions, but also that he exercised it. Manning v. Boston Medical Center Corp., 725 F.3d 34, 48–49 (1st Cir. 2013) (deciding CEO subject to individual FLSA liability based on involvement in hospital budget, allocation of substantial resources to certain projects, decision to reduce jobs and services, and strategic decision to cut staff positions and reduce company spending). Plaintiff has not asserted such facts with respect to Mr. Reiser.[1] Compare Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 678 (1st Cir. 1998) (ruling manager and president/treasurer not "employers" because facts did not establish that either "controlled Baystate's purse-

---

[1] The court declines to consider the letter attached to Plaintiff's Opposition to Defendants' Motion to Dismiss because it was not incorporated by reference or expressly linked to the Amended Complaint, nor is it a matter of public record or susceptible to judicial notice. See Rios-Campbell v. U.S. Dep't of Com., 927 F.3d 21, 25 n.2 (1st Cir. 2019) (quoting cases).

strings or made corporate policy about Baystate's compensation practices") with Danio v. Emerson College, 963 F. Supp. 61, 63 (D. Mass. 1997) (titles of business manager, chair of communication division, and director of human resources "indicate[d] substantial involvement in decisions affecting the plaintiff's employment terms, conditions, and compensation," and they also "set her rate of pay"). The factual allegations pertaining to Mr. Reiser are limited and do not demonstrate that he exercised control or authority as an "employer" under the relevant federal statutes or state law. The claims against Mr. Reiser are dismissed.

### b. Claims Against the Company

The Company moves to dismiss the state disability retaliation, ADA retaliation, and FMLA discrimination claims. It asserts that Plaintiff has alleged failure to accommodate claims, and cannot recast the same conduct as retaliation and discrimination claims.[2] However, denials of requests for accommodation may form the basis of retaliation and discrimination claims. See, e.g., Consedine v. Willimansett East SNF, 213 F. Supp. 3d 253, 262 (D. Mass. 2016) (denying defendant's motion for summary judgment on disability retaliation because the "jury could interpret [alleged] statements as indicating that [defendant] harbored retaliatory animus against Plaintiff for requesting accommodations"). Where there is overlap between discrimination and retaliation claims, courts are permitted to consider the same facts in assessing the sufficiency of each claim. Perez-Cordero v. Wal-Mart Puerto Rico, Inc., 656 F.3d 19, 32 (1st Cir. 2011). Plaintiff

---

[2] The Company posits that a denial of reasonable accommodation cannot form the basis of a retaliation or discrimination claim, pursuant to a decision from the Eastern District of Louisiana. Picard v. St. Tammany Parish Hosp., 611 F. Supp. 2d 608 (E.D. La. Apr. 7, 2009). But Picard does not so find. There, the court granted summary judgment for the employer because the plaintiff "presented no evidence to show that any disciplinary or other employment action was ever taken against her." Id. at 626. Here, plaintiff has alleged several adverse employment actions following her MCAD charge and FMLA leave, including denials of remote work, weekend in-office work, quiet workspace, and paid time off.

has sufficiently alleged that the Company retaliated and discriminated against her after she filed an MCAD charge and after she took FMLA leave. Wherefore, the Company's motion to dismiss these claims is denied.

## V. Conclusion

Defendants' Partial Motion to Dismiss (Docket # 24) is ALLOWED in part and DENIED in part. The motion to dismiss Counts I, III, and V against Defendant Roger Reiser is ALLOWED. As no claims remain against Mr. Reiser, he is terminated from the case in his individual capacity. The motion to dismiss Counts VIII, X, and XIV against Defendant Robert Reiser & Co., Inc. is DENIED.

9/20/23
DATE

RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE